Opinion issued March
1, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-12-00093-CR

____________

 








DARREN ROGER MYCUE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 220th
District Court

Bosque County, Texas

Trial Court Cause No. CR14532

 

 



MEMORANDUM
OPINION








          Appellant,
Darren Roger Mycue, pleaded guilty to the felony offense of aggravated robbery.[1]  The trial court found appellant guilty and, in
accordance with the terms of appellant’s plea bargain agreement with the State,
sentenced appellant to confinement for 25 years in the Institutional Division
of the Texas Department of Criminal Justice and ordered appellant to pay a fine
of $1,000.  Appellant filed a notice of
appeal.  We dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and ruled
on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  The record supports the
trial court’s certification. See Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we
must dismiss this appeal.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley
and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 











[1]           See Tex.
Penal Code Ann. § 29.03 (West 2011).